Court of Federal Claims. The Court of Federal Claims dismissed Mr. Antonellis's complaint on a motion to dismiss for failure to state a claim upon which relief can be granted, finding its complaint did not present a justiciable controversy. What Mr. Antonellis is an exemplary officer in the Naval Reserve who has also called up to active duty on multiple occasions. His qualifications are so good that it shocks the conscience that he could possibly have been turned down for paid billets in the Reserve. In 2009, 2010, 2011 fiscal years, he was turned down 69 different times. The Court of Federal Claims has the ability to review whether the Naval Reserve followed its procedures. Procedures were presented to the Court of Federal Claims in this precept letter, which indicated that the Naval Reserve had to follow certain procedures. They're reasonably elaborate. Among other things, they have to establish a confidence factor for each applicant for a paid billet. They have to essentially score these people in order. But under your view, every time they establish standards or guidelines for promotion, that becomes a procedure that can be the basis for a case that's been extensively violated. So it sounds as though the result of your argument would be that all these cases that say we can't second-guess the military's decision-making processes about promotions and things like that were wrong. No, I don't think so. I think what's different here is, number one, we have this precept letter. We have a situation that's sort of shocking. We have every reason, frankly, to believe that he was never being scored. But when you say you have every reason to believe he wasn't being scored, what you're really saying, it seems to me, correct me if this is not a fair characterization, is that he had such a strong case that it cannot be the case that the procedures were followed, and therefore there was a procedural defect in the process. Isn't that essentially your argument? That what you're saying is correct. However, actually, what we'd like to do is be able to try the case, take discovery, find out what really happened, because what we have reason to believe goes beyond that, is that Mr. Antonellis was called up so much for active duty that the reserves considered him to be not one of them. And that's why this was going on. That's really why he brought this. He feels this is so wrong, and he wants to figure out what it is they really did. And we really do believe they didn't score him. And it's impossible to believe that if they actually were scoring him, that he really would have been turned down to these. I mean, his record is so good, it just sort of shocks the conscience. Normally, I would say this kind of thing is hopeless because of the case law. But I mean, in this case, this really goes an awful long way. And the problem is, is the court of claims was essentially pre-deciding this. They're saying, well, you're not going to be able to prove it at trial. Our complaint talks about the fact that they're not following their own procedures. And that's what we want to try to get at. Which paragraph of the complaint says that? Okay. Let me get there. Paragraph 10. Which page? Page 8 of the appendix. In that matter, the Navy Reserve, through its applied board, failed to follow its own construction and standards, and did not properly consider plaintiff's service record an accomplishment. But that doesn't say it wasn't scored. It doesn't say it wasn't scored. We believe he wasn't scored. We can only prove that by going to trial or by taking discovery. But we believe it. This is exactly the passage that I was looking at when I characterized your argument as being, he was so good that they must have made a procedural error. And again, doesn't that just walk us right down the path that Judge Dyke was referring to earlier, saying that any time I think I should have been promoted and wasn't, that there must have been a procedural error that led to that decision? No, I don't think so. I think it's only… …in which the people could do no more than to say that they were quite well qualified. Well, that by itself is a major distinction. Well, do you have any other distinction besides that one? Well, I think… You see, the next person up in your position is not going to concede that their client was less qualified than your client. But I'm not sure. I don't think they're going to be able to allege what we allege, honestly. What's the other basis for saying that there has to be a procedural problem? Well, the problem is we're dealing with an organization that operates behind closed doors. We can't know without getting into discovery, without getting into trial. We can't know the answer to that. What's different in part about our situation is in this case, unlike cases that have come before, we actually know what the standards are. We see what they are. We know that if he, from the PowerPoint presentation, we know that if he even had a score of 75, he's absolutely supposed to remain in a paid billet. It's hard to fathom somebody like this who probably should have become an admiral. But that's a substantive error. It's an alleged substantive error rather than a procedural error. And our cases are clear that only procedural errors can lead to this sort of claim. But if he's not scored, if he's not ranked, if he's not given… I don't see where paragraph 10 or any other thing you've called our attention says he wasn't ranked or scored. Because I can't until I can see what their evidence… But you don't even allege it. Well, perhaps I should have. It's hard to do that because you're supposed to have a basis for making an allegation, a fairly firm basis. And I think it's the case, and I'm willing to bet it's the case, but I can't point to anything until I can get into trial or discovery that that is the case. So it leaves me in something of a catch-22, which I guess most people in this type of situation are in catch-22. But this shouldn't be tolerated in this situation. This is outrageous to the point where it sort of shocks the conscience. The problem here is if you give the Naval Reserve sort of absolute discretion, it's like anything is absolute. It tends to absolutely corrupt. Put yourself in the position of the Court of Federal Claims or our position, and how would you craft a rule that would distinguish your case from the next case that I alluded to in which someone comes in and says, I must not have been scored, or at least I must not have been scored properly because I have a quite good record, as opposed to an exemplary record. I think you'd have to make it something that's exemplary. I mean, I'm sympathetic to the position I think you're taking. The question you're asking, which is you can't have the Court of Federal Claims reviewing a lot of these. I'm not convinced that there would be that many people following. It's not just reviewing a lot of them. It's also trying to make a decision as to what constitutes exemplary service from the military point of view. I mean, we look at a record, and I see somebody that has a lot of what look like accomplishments, but I'm not seeing everything that the military is seeing, and I'm certainly not seeing it through the eyes of the military. So I'm having a hard time seeing how we would make both the determination that X is better than Y, and also where the cutoff is for making a kind of presumed procedural error conclusion. That's my difficulty. I mean, part of what's going on, if you look at their precept letter, you're supposed to give special consideration to people who are really actively participating in the global war on terrorism. This is somebody who keeps getting called up on active duty and sent to the Middle East to precisely participate in this global war on terrorism. He's somebody who probably should have been candidate number one. I mean, the answer, I think, what makes this different is that it's just so extreme. Now, there was a previous proceeding, I think, that went through the IG. Exactly. Yeah. That's important, what you're asking. And he was successful in the first time around with the IG. Is that correct? That related to his non-selection earlier on, where the Department of Defense IG basically found that he had not been properly considered. Right. And this go around, we kept the case out of the courts for a long time, because what we wanted to do, we wanted to have the Department of Defense IG look at this. They wouldn't do it. In fact, they even demanded that he waive confidentiality. I mean, he's basically a whistleblower. Why would you do that? And which was really an abuse. Then sent it to the Department of the Navy IG, which buried his first complaint. And in fact, almost four years later, we've heard nothing. I mean, the problem is that this is not his chosen course of action. His chosen course of action is to go to the IG, not to go to the court system. The IG won't do anything and forced him to go into the court system and still won't do anything. I mean, I participated in that myself, trying to contact him, trying to speak to people. And whatever higher up is running it, they're not going to do it. After this many years, there's certainly every reason to believe they're not going to look into it. So that's a problem. And yes, that type of conduct causes the matter to go before the court of claims. It's the only other means available to him. I mean, he did lose a bunch of money. If he'd been paid for this, he would have, we figured, $64,700. I mean, what you've got here, you've got procedures that are essentially like a filter, you know, that's supposed to prevent certain things from happening. And somehow, the boulder here in this case came through the filter. It's really, frankly, a travesty, unfortunately, what the applied boards did here. It's blatantly and obviously wrong. And frankly, there really is obviously a procedure problem. It's really impossible to believe that the applied boards follow the required procedures. Now, suppose that there had been scoring, but, and suppose further that you actually knew what the scores were, but you thought that the scores were unduly low for him, to the extent that there were scores that were subjects to judgment calls. Do you think that would be the basis for court action? No, I think under the precedent, he'd lose them. I mean, he'd disagree with them, but he wouldn't win. Because that would be dealing with the merits, as opposed to the procedures. I mean, his ability to be heard by the court of claims relates to the procedures. And that's not procedures, that's merits. So he can't go there. I mean, we don't believe they followed the procedures. That's what we're doing. I mean, we find it all very shocking, and it does intertwine. But the problem is that we don't believe he follows, that they followed the procedures. The dismissal under these circumstances is appropriate under case law, only if the plaintiff, Mr. Antonellis, has not alleged a set of facts sufficient to support his claim, or if it appears beyond a doubt that he can prove no set of facts entitling relief. This type of matter is reviewed by this court de novo. It's a pretty strong standard. And we believe we have alleged a facts sufficient to support his claim, and it certainly does not appear beyond a doubt that he can prove no set of facts entitling him to relief. Do you want to save the rest of your time, Mr. Moore? I think I will, unless there are further questions. Ms. Moore, before you begin, your brief, I think, is the wrong type size. It's supposed to be 14 point or larger. Oh, I apologize for that, Your Honor. Given the amount of reading we have to do in court. All right. I apologize for that, Your Honor. May it please the Court, I respectfully request that the Court affirm the decision of the Court of Federal Claims. The trial court correctly dismissed the complaint, pursuant to Rule 12b-6, because plaintiff appellant's claim is non-justiciable. Captain Antonellis has failed to state a claim upon which relief can be granted, because questions of duty assignment are internal to the military and are outside the scope of judicial review. Plaintiff appellant's complaint challenges the decision of the commander, Navy Reserve Force, to assign him to an unpaid billet or job assignment instead of a paid selected reserve billet. Captain Antonellis claims that his performance record entitled him to a paid billet and that the Navy acted arbitrarily and capriciously in assigning him to an unpaid billet. He seeks back pay in the amount of $64,000. He asserts that because he possessed outstanding qualifications and was not selected for a reserve pay billet, the Navy must have violated its own rules by failing to adequately consider his record. He requests the Court to interfere with military assignment decisions that are by law left to the decision of the military. It is well established that assignments and reassignments within the military are matters wholly internal to the military and are inappropriate for judicial review. Well, except to the extent that there's a departure, as I think you will agree, from procedural, even self-imposed procedural requisites. Correct, Your Honor. And the question then becomes, has he had the appropriate procedure applied to his requests? And if he has no access to the information as to whether he's had that correct procedure applied, how does he get access to that information? Your Honor, Captain Antonellis does not make a procedural violation allegation in his complaint. He makes a substantive allegation that on the merits, because he was so well qualified, that the Navy must have made a mistake or incorrectly looked at his record simply because he was not chosen for a reserve pay billet. He lists three factors that the Board had to apply in looking at applicants. He doesn't say the Board didn't do those things. He simply says because he was so well qualified, it must have substantively made an error in not determining that he was the best qualified. That is an argument on the merits. That is not a procedural allegation, violation allegation. He doesn't say that the Board didn't look at his record as well as the other applicants' records. He doesn't say that the Board didn't rank the applicants or give them a confidence factor. He lists these requirements in his brief, but he doesn't say they didn't apply them. He says they misapplied them by, in a substantive sense, not giving him the weight that his record deserved from his past performance. That is a substantive violation. That is exactly the kind of thing that this court in the King and Palmer cases, as well as many other cases dealing with other military matters, has found to be non-justiciable. Suppose he had alleged with somewhat more specificity than paragraph 10 of his complaint alleges that the Navy must have failed to comply with the procedures because specific procedures, including scoring, because otherwise they could not have reached the conclusion that they reached. That's my basis for believing that I'm entitled at least to discovery on that issue. Would your position here be different? Your Honor, the relief that Captain Antonella seeks is what the court must focus on. He seeks relief of pay to a position that he was not assigned. The court still, in the Palmer cases and King cases, the military in both those cases conceded a mistake in the assignment of the plaintiff. Still, the court could not grant relief. Those cases were, this court's cases. Are you saying, I thought we had agreed right at the beginning that if there were a procedural defect that he would be entitled to judicial relief. Are you saying not? He might be entitled to judicial review of whether procedures were followed, but he still cannot receive the relief that he seeks, which is money for a position that he was not assigned. Are you suggesting he should be over in the district court in an APA action as opposed to in the Court of Federal Claims for money? Your Honor, in both the King case and the Palmer case, even when... Well, go ahead. Even when procedural matters were looked at in those cases, and in King, the plaintiff was assigned to a noncompetitive billet that made it so he could not get a promotion. In the Palmer case, the military mistakenly believed that there was a three-year term limit for his position, and there was not. He was assigned to an unpaid billet. In both those cases, there were procedural mistakes, but this Court still held that the claim was non-justiciable. I think that's not... I don't remember those cases in particular, but I thought we made very clear that if there is a procedural failing, that's justiciable, and that you can get back pay if there's been a procedural violation. Dysart, I think, discussed that, even though it didn't grant relief there. Your Honor, in the Murphy case, there was, again, the Court of Federal Claims looked at what happened procedurally with the release of... So your contention is that procedural violations, substantive violations, doesn't make any difference, can't do anything about it. It's all non-justiciable. This is a claim for which relief can be granted. Is that correct? Is that what you're saying? We're not saying that procedures can't ever be looked at. They can. So procedural claims are justiciable and can lead to relief, right? In the Murphy case, they did not. What's your position now? Telling us what various cases have said is not helpful to us in determining what the government's position is with respect to this issue. And Judge Dyke's question is the same as mine, which is, are you saying that it isn't your position that, notwithstanding that there might be an allegation of a specific, explicit procedural error, that there's no basis for judicial relief from the Court of Federal Claims or this Court, or for that matter, the district court in an APA action? That is correct, Your Honor. So even if he was told, you know what, we do not – we don't like you and we are not going to score you, that that is just too bad. Is that your position? Your Honor, that sort of procedural violation could be reviewed by the court. I thought that was exactly the question. That was certainly the question I intended to ask. Maybe I wasn't as clear as I needed to be. But are you – the question I asked earlier was, are you saying procedural and substantive complaints about something like a promotion or an assignment to a particular bill that they are not reviewable by the court? Because I thought you had said, yes, that is our position, but then you said that there are certain kinds of procedures that might not be within the aegis of that rule. What is your position exactly with respect to procedural problems? Procedural violations are reviewable by the court. Simply because they're reviewable does not mean that a plaintiff can receive the relief that he seeks. You mean that I could say I have had – there's been a procedural violation that the court would have to say yes. We announce as a sort of declaratory judgment that there's a procedural problem here, but you just go away. We have no power to grant you relief. Is that what you're saying? Because then why do we have – if we can't grant relief, why do we have an appropriate case before us? Your Honor, it depends on the instance with the military. Because what Mr. Antonellis is alleging first is not a procedural violation. He's alleging a substantive violation. Ms. Moore, help me out here. Do you understand what I'm confused about? Because I do not understand exactly what the government's position is with respect to procedural violations. Are you saying that the court, which is what I thought you just said, that the court can look at procedural violations, can even declare that there has been a procedural violation, but then cannot award any kind of remedy against the military for those violations. Is that the government's position? Your Honor, again, it depends on the type of procedural violation. The court cannot make duty assignments for the military. It cannot do that. Well, we're talking about that. It cannot make unfit determinations or fit determinations for the military. What would be the remedy that you would – if you're sitting as the court of federal claims judge and you see a clear procedural violation, let's say to take the example earlier given, the military says, you know what, you're right, we didn't score them. We just decided we didn't care for them, and we left them out of the scoring list. What do you do? What is the exact way you as a court of federal claims judge deal with that? He comes in and says, I should have been paid for this bill. What is the relief that you grant under those circumstances, if any? If he says that he was not scored? He says he wasn't scored, and the military admits it. And they say, yep, we should have scored him. We didn't, and we just decided he's not our kind of guy. Well, the court could possibly send the case back to the military. The court cannot place Captain Antonellis in any specific duty assignment. We're talking about back pay. Can it award back pay? No, it cannot, and that's what he seeks here. It cannot award pay unless someone has been. Is that because a statute requires it? The Military Pay Act allows for pay only if someone has been in a position that entitles him or her to that pay. What is the bar that would prevent us from granting relief such as back pay? What's the legal bar? He has not been assigned to the position that he seeks back pay for. Point to the law that would prevent us from granting back pay as relief. Well, the testing case talks about holds that a military member or an individual must be assigned or in a position that he or she seeks pay for. And otherwise, the court can't award relief of that pay. And not only that, this court has consistently held that a military member, the military decides who receives what assignment. And this court is not equipped to make those decisions. But we've also said that procedural violations can be reviewed, that they're justiciable. What relief is awarded in those cases? It depends on the case. Again, Your Honor, in the Vogue case, for instance. Have they awarded back pay? They have not awarded back pay in those cases. Now, in the Vogue case, for instance, that was a case that it was a special assignment or special pay, special additional pay that the plaintiff sought. Because there were errors in calculating it, the plaintiff did receive additional pay. But the military's decision to terminate her special additional pay was not reviewable. So the substantive decision of not continuing something. We're talking about procedural violations. When we found procedural violations, and we have said that's justiciable, have we awarded back pay if there's been a procedural violation? In that case, yes. It depends on the circumstances. Here, she was in a position. She was entitled special additional pay that had been awarded to her. The special additional pay was incorrectly calculated. So, yes, that was a procedural violation that the court could award relief for. However, it must be distinguished from her claim to continue to receive special additional pay. In the Vogue case, the military had terminated her pay. And that was non-justiciable. So it depends on the decision. It's not just across the board. Because there's been a procedural error, somebody gets relief. Here, in this case, this is a reassignment or an assignment case. In assignment cases, it is completely within the military's discretion to determine which military member receives an assignment. That claim is non-justiciable. Even if there's a procedural violation? Even if he was never scored? If there's a discriminatory complaint or claim, that is. No, we're not talking about that. They didn't follow their own procedure. If they're supposed to score them, they did. That is reviewable. But again, even assuming— Can it result in back pay?  Because only if someone has— What do you mean it's reviewable if there's no remedy? I'm struggling with that. Because the Court of Federal Claims doesn't issue injunctions, typically, and declaratory judgments. So what is the remedy? What does it mean to say it's reviewable, but you can't get back pay? Well, the remedy, the military would have to revisit that. The remedy is not to give somebody back pay for a position that he or she was not assigned. How does the Court of Federal Claims have jurisdiction over these cases? It has to be a claim for money. If there's no claim for money, how does the Court of Federal Claims even have jurisdiction? It does have jurisdiction, Your Honor, under 12b-1 because of the Military Pay Act. Plaintiff simply has to make an allegation that he or she was entitled to military back pay for there to be jurisdiction, according to the Palmer case that this Court decided. That does not mean that the relief that plaintiff seeks in his complaint is a claim upon which relief can be granted. It does not mean that he can receive the relief that he seeks. There are two different procedural venues that the Court has to look at, 12b-1 versus 12b-6. Just because you're in the door jurisdictionally doesn't mean that you have a valid claim, or a claim, assuming the allegations of the complaint are correct, that you can get relief based on those allegations, and that's why we're here today. So the relief that he could get would be an opinion of the Court of Federal Claims saying that the military made a procedural error, but at the end, the Court would then say, oh, but I'm going to grant the 12b-6 motion of the government because I can't grant any monetary relief. Is that what you would imagine? Yes, Your Honor. That's exactly what happened in the King and Palmer cases, but this Court made those holdings. In both of those cases, the military conceded mistake, clear and outright, conceded mistake. That goes farther than a mistake. Conceded substantive mistake, right? Procedural mistake, Your Honor. Procedural mistake? Yes. In both of those cases, we didn't even have to go this far. This is not nearly as clear. In both those cases, the military conceded at the trial court level that a mistake had been made. In one case, somebody was already occupying a position that the plaintiff had been assigned to. That was a clear and admitted mistake. So King is not a decision of ours. No, King is the Court of Federal Claims case. That was affirmed, Your Honor, in 2002. That doesn't make it a precedent of ours, does it? It was affirmed by this Court, Your Honor. Does that make it a precedent of this Court? Yes, it does. No, it doesn't. The Palmer case, and also in the Palmer case— What's the citation to Palmer? You didn't cite it in your brief, I don't think. The Palmer case, Your Honor—I can get the court that case. If you can hold on one second. Well, I can look it up.  If you don't have it right at hand, I— I do have it, Your Honor. Oh, good. I just need to take everything up and see what's going on with me. The Palmer case is 168, Fed 3rd, 1310. Okay. And that was a written decision by this Court, affirming the trial court's decision. We actually wrote an opinion in the case? Or is that another affirmance without an opinion? Your Honor, it is an affirmance with an opinion. It was 1999. Okay. Okay. Thank you, Ms. Moore. Thank you, Your Honor. Basically, I would point out to the Court that the Court can send the case back to the Court of Claims on very limited basis with instructions simply to look to see whether he was scored, look to see whether they actually scored the applicants, look to see whether they were in proper consideration of outside opinions or, you know, or people were—they were— personal opinions expressed outside of the record, the official record that was submitted to the apply boards. And I think probably that's what should happen. It's absolutely not my understanding that the Court of Claims can't award back pay. It's really kind of contrary to any kind of logic. And that's really what their jurisdiction is. That's how we've invoked their jurisdiction, by seeking money. Neither side cited the Palmer case. Do you happen to know of that case? I don't think I've ever seen that decision. I really don't, unfortunately. I don't know that it's cited and I'm not sure I'm even aware of it. It isn't cited, I can tell you that. But going beyond the case itself, do you take issue then with the proposition that Ms. Moore was offering up that the Court of Federal Claims cannot grant monetary relief when the claim is for a bill that was not occupied? Absolutely, I take issue with it. Basically, your damages when you're not given the position, when you're actually drilling, he's drilling. It's actually work he did. He doesn't have a paid billet. He should have been a paid billet and he should have been paid for it. So the idea is he is doing work which is indistinguishable from the work he would be doing if he had gotten a paid billet. But the only distinction is he's not being paid. It's true. But it's not as if it's a different type of work altogether. No, it's the same thing. He's doing the same drilling, he's just not getting paid for it. Okay, thank you, Mr. Waldman.